

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAR 1 7 1995
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAIA TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-94-2256 |
| | § | |
| RECONVERSION TECHNOLOGIES, INC., RECONVERSION TECHNOLOGIES OF TEXAS, INC., PROGRESSIVE CAPITAL CORPORATION, DAVID GORDON, IRA RIMER, JOEL HOLT AND RICHARD CLARK, | § | |
| Defendants. | § | |

## SUPPLEMENTAL MEMORANDUM OPINION

The issues having been duly tried and the Jury having duly rendered its Verdict and the Court having considered the plaintiff's motion and supporting memorandum for entry of judgment, enhanced damages, attorneys fees and costs, hereby Finds and Holds that:

1. The testimony of Messrs. Sullivan and Kerr, and the assignment of all assets from Banstar Corp. to GAIA Technologies, Inc. ("GAIA") on August 4, 1991 (PX 524), recorded with the U.S. Patent and Trademark

Office on October 24, 1994 (PX 12A), conclusively establish the plaintiff as the owner of all right, title and interest in and to U.S. Patent Nos. 4,003,408, 4,028,288, 4,168,799, and 4,191,522 (hereinafter "the GAIA patents"); the owner of all right, title and interest in and to its trademark registered with the United States Patent and Trademark Office under Registration No. 1,703,286 for "Leaky Pipe"; and the owner of all right, title and interest in and to the trade secret technology associated with the GAIA patents and the trade secret technology relating to the methods, processes, mixtures, molds, blueprints, equipment, and equipment arrangement utilized to manufacture porous pipe and hard good products.

2. The Court further finds from the evidence and jury's verdict that the GAIA patents are valid and infringed. The defendants' conduct in either directly infringing, or inducing infringement of the GAIA patents by manufacturing, using, or selling products covered by the GAIA patents and bearing the plaintiff's trademark, will continue unless permanently enjoined.

3. The Court further finds from the jury's verdict and the evidence, that the defendants, Reconversion Technologies, Inc. (hereinafter "Retek"), Reconversion Technologies of Texas, Inc. (hereinafter "Retex"), and Progressive Capital Corporation (hereinafter "PCC"), directly infringed the

2

ClibPDF - www.fastio.com

GAIA patents, and the defendants, David Gordon (hereinafter "Gordon"), Ira Rimer (hereinafter "Rimer"), Joel Holt (hereinafter "Holt") and Richard Clark (hereinafter "Clark"), induced infringement of the '408, '522, and '799 patents by aiding and abetting the infringing activities of the corporate defendants Retek, Retex and PCC to make, use or sell the patented inventions by:

    (a)    Directing Retek and Retex to utilize hard good extruders to manufacture and sell hard good products covered under the GAIA patents with knowledge of the GAIA patents and that the products manufactured under such patents were the same or substantially identical to those manufactured by James Turner when he was with Entek Corp.;

    (b)    Directing Retek and Retex to sell and offer for sale porous pipe products covered under the GAIA patents with knowledge of the GAIA patents and that the products manufactured under such patents were the same or substantially identical to those manufactured by James Turner at Entek Corp.;

    (c)    Authorizing the acquisition of subsidiaries by Retek and Retex for purposes of manufacturing and selling infringing hard good products and selling or offering to sell infringing porous pipe products;

    (d)    Soliciting stock for investors of Retek and Retex for purposes of furthering Retek's and Retex's infringing activities and manufacturing and selling hard good products covered by the GAIA patents and offering for sale and selling porous pipe products covered by the GAIA patents;

    (e)    Asserting superior direction and control over the decisions, activities and conduct of Retek and Retex constituting infringement of the GAIA patents; and

3

 (f) Participating in the acquisition and resale of porous pipe inventory for Retek and Retex with knowledge that the title to the porous pipe belonged to the Bankruptcy Estate of Entek Corp. or James Turner.

The Court therefore, reforms the jury's verdict under Fed.R.Civ.P. 49(a) and 58, and finds under the evidence that damages are also attributable to the individual defendants, Gordon, Rimer, Holt, and Clark, for their inducing infringement of the '408 and '799 patents which is consistent with the jury's findings of inducement and proximate cause in response to the interrogatories on inducing infringement of the '408 and '799 patents. This is so because the corporations could act only through its officers, agents, employees or control persons.

 4. The Court further finds that due to the defendants' conduct in directly infringing and inducing the infringement of the GAIA patents, the plaintiff shall recover lost capital damages from the defendants, jointly and severally, in the following amounts:

 (a) ONE HUNDRED TWENTY-THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($123,750.00) as a result of the direct infringement of Claim 1 of the '408 patent by the defendants, Retek, Retex and PCC, and as a result of inducing infringement of Claim 1 of the '408 patent by the defendants, Gordon, Rimer, Holt and Clark;

 (b) ONE MILLION, EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($1,800,000.00) as a result of the direct

4

infringement of Claim 1 of the '522 patent by Retek, Retex and PCC, and as a result of inducing infringement of Claim 1 of the '522 patent by the defendants, Gordon, Rimer, Holt and Clark;

(c) ONE MILLION, EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($1,800,000.00) as a result of the direct infringement of Claim 1 of the '288 patent by Retek, Retex and PCC; and

(d) ONE HUNDRED TWENTY-THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($123,750.00) as a result of the direct infringement of Claim 1 of the '799 patent by Retek, Retex and PCC, and as a result of inducing infringement of Claim 1 of the '799 patent by the defendants, Gordon, Rimer, Holt and Clark.

5. The Court further finds from the evidence of record and the jury's verdict that the plaintiff's trademark for "Leaky Pipe" is valid and infringed. The plaintiff's trademark "Leaky Pipe" appears in several of the defendants' advertisements and the defendants' replication of the plaintiff's trademark creates a likelihood of confusion as to the origin of the products. Such conduct will continue unless permanently enjoined. The plaintiff shall therefore recover from the defendants, Retek, Retex and PCC, jointly and severally, lost capital damages of ONE HUNDRED TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($125,000.00) as a result of the infringement of the plaintiff's trademark "Leaky Pipe".

6. The Court further finds from the evidence of record establishing

5

the vexatious conduct of the defendants both prior and during trial, from the lack of merit associated with the defendants' defenses, from the failure of defendants to present any substantial evidence of invalidity of the GAIA patents or trademark through expert testimony, and because the defendants knew or should have known of Entek Corp.'s and James Turner's bankruptcy based upon the information available to the defendants and that the defendants failed to pursue an inquiry with reasonable and due diligence, that the defendants, Retek, Retex and PCC, willfully and maliciously infringed the plaintiff's trademark "Leaky Pipe" and Retex willfully and maliciously infringed the GAIA patents, thus entitling the plaintiff to enhancement of its actual damages by doubling such actual damages under 35 U.S.C. § 284 and 15 U.S.C. § 1117.

The Court further finds pursuant to the jury's verdict and findings of willful infringement of the GAIA patents by Retex, and GAIA's trademark "Leaky Pipe" by the defendants, Retek, Retex and PCC, that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and therefore, awards the plaintiff its reasonable attorney's fees and costs as the prevailing party on all of its claims. Therefore, the plaintiff shall have and recover additional enhanced damages, reasonable attorneys fees and costs against the defendants,

jointly and severally, as set out in the Final Judgment:

7. The Court further finds pursuant to the jury's verdict and the evidence, that the plaintiff shall recover from the defendants, Retek, Retex and PCC, jointly and severally, lost capital damages of ONE HUNDRED TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($125,000.00), as a result of these defendants' unfair competition.

8. The Court further finds, according to the evidence (PX 207 and 320) and testimony of Messrs. Coty and Turner, that all the defendants, jointly and severally, committed fraud by aiding and abetting James Turner to misappropriate and conceal their use of the trade secret technology and porous pipe which the plaintiff previously purchased through the Bankruptcy Court from the Bankruptcy debtors, Entek Corp. and James Turner. From this evidence and the jury's verdict assessing punitive damages against each of the individual defendants, Gordon, Rimer, Holt, and Clark because the defendants were actually aware of an extreme risk of serious injury to the plaintiff and acted willfully and maliciously, the Court reforms the jury's verdict under Fed.R.Civ.P. 49(a) and 58 to conform the evidence and law with the jury's verdict and finds that plaintiff shall further recover from the defendants, jointly and severally, lost capital damages of FOUR MILLION THREE HUNDRED

FIFTY THOUSAND AND NO/100 DOLLARS ($4,350,000.00), as a result of the defendants' tortious interference with the plaintiff's prospective customers and PMA, and as a result of the defendants' misappropriation and concealment of the plaintiff's trade secret information.

9.  The Court further finds that the plaintiff is entitled to punitive damages in accordance with the jury's verdict in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00) from each of the defendants, Gordon, Rimer, Holt and Clark as a result of their willful and malicious conduct in tortiously interfering with the plaintiff's prospective contractual relationships, and misappropriation of the plaintiff's trade secrets. In this regard, the Court withdraws its previous holding, denying the punitive damages award.

10. The Court further finds as a matter of law, that the plaintiff is entitled to pre-judgment interest at a rate of 10%, compounded annually, on all actual damages, from January 1, 1992 through March 16, 1995.

11. The plaintiff will be irreparably harmed unless the defendants are permanently enjoined from infringing the GAIA patents and trademark and from unfairly competing with the plaintiff by improperly making use of the plaintiff's trademark, trade secrets, and confidential information and from

taking any of the actions enjoined by this Supplemental Memorandum Opinion. Accordingly, all requirements for issuance of a permanent injunction have been met as there are ample grounds according to the jury's verdict and the increasing prospect of irreparable harm to the plaintiff, for the issuance of a permanent injunction. It is therefore,

ORDERED that the defendants, their officers, attorneys, servants, agents, associates, parent corporations, employees, and all persons acting in concert or connection with such defendants are hereby permanently enjoined from the following:

(a) making, using, selling and/or inducing others to make use or sell, transferring, shipping, assigning, selling or offering to sell, contracting to sell, buying or offering to buy or otherwise directly or indirectly disposing of or attempting to dispose of any products reasonably covered by the GAIA patents or trademark; and

(b) unfairly competing with the plaintiff by making use of any information relating to the manufacture, use or sale of technology or products acquired from James E. Turner or Entek Corp. and using the term "Leaky Pipe" or any other deceptively similar mark in connection with the sale of such products.

12. A Final Judgment shall be entered awarding the appropriate damages.

Signed this 16th day of March, 1995.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

9